IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENJAMIN RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-1589 |
| | § | |
| POWER PLUS PERSONNEL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON MOTIONS**

Benjamin Ramirez filed a complaint and two amended complaints, all mostly in Spanish. He filed motions asking for the appointment of an interpreter and for the presence of representatives of organizations including the Mexican consulate, the United Nations, and the Organization of American States. (Docket Entry Nos. 9, 10, 16). The defendants translated Ramirez's pleadings and moved to dismiss, asserting that even as amended, the complaints fail to state a claim. (Docket Entry Nos. 8, 15). Ramirez responded to the motion to dismiss and again amended his complaint. His filings were written mostly in Spanish, with some English. (Docket Entry Nos. 11, 12).

Ramirez's motion to have individuals from organizations such as the Mexican consulate and the United Nations accompany him to the initial pretrial conference, (Docket Entry No. 9), is denied. This court has no authority to compel such an appearance. While Ramirez is free to contact these organizations and ask them for assistance, this court cannot do so on his behalf. Ramirez is also cautioned that he cannot be represented in court by individuals who, while English-speaking, are not lawyers.

Ramirez's request for the appointment of an interpreter to help him understand and translate the documents in the case and understand the proceedings that have been scheduled, (Docket Entry No. 10), must also be denied. Although the court acknowledges the difficulties Ramirez faces in this case, this court does not have the authority to appoint him an interpreter. "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . ." *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). The *in forma pauperis* statute does not authorize the expenditure of public funds for court-appointed interpreters. *See* 28 U.S.C. § 1915; *Fessehazion v. Hudson Group,* 2009 WL 2596619, at *2 (S.D.N.Y. Aug. 21, 2009) ("[G]enerally, pro se civil litigants have no entitlement to an interpreter or translator."); *Loyola v. Potter*, 2009 WL 1033398, at *2 (N.D. Cal. Apr.16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."); *Mendoza v. Blodgett* 1990 WL 263527, at *15 (E.D. Wash. Dec.21, 1990) ("There is no specific statute which authorizes the court to appoint an interpreter in civil in forma pauperis actions."); c*ompare* Fed. R. Civ. P. 43(d) (granting a trial judge discretion to appoint an interpreter for trial). The request for a court-appointed interpreter is denied. The court will, however, make every effort to have an interpreter at the Rule 16 initial pretrial conference.

Power Plus Personnel has translated the second amended complaint Ramirez filed and asks this court to dismiss the complaint for failing to state a claim on which relief can be granted. Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

As translated, Ramirez's Americans with Disabilities Act claim states that Power Plus asked him to fill out a medical report because there was a report on television stating that he was sick. After Ramirez turned in the report, Power Plus did not accept his application for employment and he did not receive work from Power Plus. The complaint does not state what disability Ramirez had, whether he was qualified for the job, or what adverse employment decision was made because of his disability. Because Ramirez is *pro se*, at the hearing, which will be reset to October 1, 2012 at 8:30 a.m., he will have an opportunity to explain the basis of his complaint. An interpreter will be provided at the initial pretrial conference. At that hearing, the court will consider whether the claims

as pleaded state a claim on which relief can be granted and, if not, whether Ramirez can amend to state a claim.

        SIGNED on September 7, 2012, at Houston, Texas.

                                                Lee H. Rosenthal
                                          United States District Judge