IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENJAMIN RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-1589 |
| | § | |
| POWER PLUS PERSONNEL, *et al*., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Benjamin Ramirez, proceeding *pro se*, sued under the Americans with Disabilities Act, 42 U.S.C. § 12112(a), alleging that Power Plus Personnel Services, Inc. ("Power Plus"), which provides contract employees for manual labor jobs and placed him in some jobs during the period from October 2009 until October 2010.  Ramirez filed pleadings only in Spanish.  This court has arranged for translations into Spanish of documents filed by Power Plus and for translation into English of Ramirez's filings.

After the parties exchanged documents pursuant to court order, Power Plus moved for summary judgment.  (Docket Entry No. 36).  Ramirez responded.  (Docket Entry No. 37).[1]  Based on the pleadings, the motion and response, the parties' submissions, and the applicable law, the motion is granted.  This case is dismissed, with prejudice, and final judgment is entered separately.  The reasons are explained below.

**I.    Background**

Power Plus has submitted summary judgment evidence, including affidavits by Nancy Smith,

---

[1] The court's translator prepared a translation of this document for court use only.

the Safety Coordinator for Power Plus, and by Monica Triplett, the owner of Power Plus. (Docket Entry No. 36, Exs. A, B). In their affidavits, Smith and Triplett describe that, as Ramirez acknowledges, he appeared on television in December 2010 and reported that he had been injured in an assault some time ago. Power Plus learned that in the television appearance, Ramirez stated that he continued to suffer from the injuries, required medical attention, and could not work. (*Id.*) After the appearance, Power Plus asked Ramirez to provide a medical release, given his statement that he still suffered effects from a prior assault. Ramirez admittedly refused to provide the release. Triplett also describes information Power Plus obtained about problems with Ramirez's performance as a temporary laborer for Power Plus. Ramirez had walked off one assignment, leading the client to tell Power Plus that Ramirez should not return to the client's jobsite. (*Id.*, Ex. B, ¶ 7). Power Plus also learned that a supervisor at another jobsite complained that Ramirez did not work and talked so much that he distracted other workers. The client asked that Ramirez not return to the jobsite. (*Id.*, ¶ 8). Power Plus did not give Ramirez job placements after these complaints raised questions about his reliability, and after the television appearance raised questions about whether he was trustworthy and he refused to provide the requested medical release. (Docket Entry No. 36, Ex. A, ¶¶ 5–7; Ex. B, ¶¶ 13). Ramirez stopped reporting to the Power Plus labor hall looking for work. (Docket Entry No. 36, Ex. B, ¶ 11).

  Ramirez denies that any of the companies he worked at for Power Plus complained to him about his work and asserts that he did not hold jobs that included duties similar to those Triplett described. He acknowledged that he went on television in December 2010 and described the assault he had suffered years earlier, in order to receive victim benefits from the federal government. He asserted that as a result of the assault, he has current problems walking, with language and dyslexia,

2

and poor strength in his left hand. He asserts that after learning of his statements in the broadcast, Power Plus asked him for a medical certificate. He asserts that he provided a certificate, but did not produce it. Ramirez's summary judgment response includes an "Adult Progress Note" from the Wellcare Family Medical Clinic in Houston dated December 23, 2010. The "Chief Complaint" is described as "physical for work." (Docket Entry No. 37, at 42). The words "Normal Exam" are written under the heading "Assessment," and the word "None" appears under "Plan of Care." (*Id.* at 43). All clinical assessment areas are marked normal on the form. (*Id.* at 42).

In sum, Power Plus asserts that it asked for a medical release, which was not provided. Power Plus has submitted evidence that it received complaints from two customers about Ramirez. Although Ramirez disputes that customers complained to him, he does not dispute that Power Plus received complaints about his work.

## II.     Discussion

### A.     The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it

does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.,* 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (en banc)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### B.     The ADA

The ADA prohibits employers from discriminating "on the basis of disability in regard to . . . [the] discharge of employees." 42 U.S.C. § 12112. When a plaintiff attempts to prove discrimination through indirect or circumstantial evidence, the claims are considered under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), modified in *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), and *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305 (5th Cir. 2004). *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009

(citing *McInnis v. Alamo Comm. Coll. Dist.*, 207 F.3d 276, 279 (5th Cir. 2000)). Under the modified *McDonnell Douglas* approach, the plaintiff has the initial burden of making a *prima facie* showing of discrimination. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005); *Rachid,* 376 F.3d at 312. An ADA plaintiff must show that (1) he is disabled, has a record of having a disability, or is regarded as disabled, (2) he is qualified for his job, (3) he was subjected to an adverse employment action on account of his disability or the perception of his disability, and (4) he was replaced by or treated less favorably than non-disabled employees. *Chevron*, 570 F.3d at 615 (citing *McInnis*, 570 F.3d at 615). In cases involving alleged work-rule violations, plaintiffs "may establish a *prima facie* case by showing 'either that [they] did not violate the rule or that, if [they] did, [employees outside the protected class] who engaged in similar acts were not punished similarly.'" *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (quoting *Green v. Armstrong Rubber Co.*, 612 F.2d 967, 968 (5th Cir.1980)); *see also Greene v. Potter*, 240 F. App'x 657, 660 (5th Cir. 2007) (per curiam); *Martin v. J.A.M. Distrib. Co.*, 674 F. Supp. 2d 822, 833 (E.D. Tex. 2009); *Lopez v. River Oaks Imaging & Diagnostic Grp., Inc.*, 542 F. Supp. 2d 653, 662 (S.D. Tex. 2008); *Simmons v. Rothe Dev., Inc.*, 952 F. Supp. 486, 490 (S.D. Tex.1997), *aff'd*, 132 F.3d 1456 (5th Cir. 1997).

If a plaintiff makes a *prima facie* showing, the burden shifts to the defendant to articulate a "legitimate, nondiscriminatory reason" for the adverse employment decision. *Cullwell v. City of Fort Worth*, 468 F.3d 868, 873 (5th Cir. 2006). If a defendant can produce such evidence, the presumption of discrimination dissolves. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43 (2000); *Chevron*, 570 F.3d at 615 n.6. The plaintiff must then identify or offer evidence to create a fact issue "either (1) that the defendant's reason is not true, but is instead a pretext for

discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motives alternative)." *Rachid*, 376 F.3d at 312 (internal quotation and alteration marks omitted); *see also Cullwell*, 468 F.3d at 873; *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005) (analyzing a Title VII claim under the modified approach). In a mixed-motive case, if the plaintiff shows that illegal discrimination was a motivating factor in the challenged employment decision, the defendant must respond with evidence that the same employment decision would have been made regardless of discriminatory animus. *Rachid*, 376 F.3d at 312. The plaintiff has the ultimate burden of showing a genuine dispute of material fact as to whether the defendant discriminated against him on the basis of the plaintiff's membership in the protected class. *Reeves*, 530 U.S. at 143.

**C. Analysis**

The summary judgment evidence does not raise a factual dispute material to determining whether Power Plus discriminated against Ramirez on the basis of a disability. Although Ramirez asserted that he had lingering effects of his 1987 assault that affected his walking, reading, and left-hand strength, he has not shown evidence of a substantial limitation of a major life activity. *See* 42 U.S.C. § 12102(1) (defining a disability as "a physical or mental impairment that substantially limits one or more major life activities"). To the contrary, he presents evidence in the form of coworker affidavit statements that he was physically capable of any type of manual labor assigned to him. (Docket Entry No. 37, at 4, Mendoza Aff.; at 11, Frias Aff.).

Even assuming that Ramirez had presented *prima facie* evidence of an impairment that amounted to a disability, Power Plus presented evidence of a legitimate nondiscriminatory reason

for not assigning Ramirez to job sites. Those reasons were his failure to provide a work release from a treating physician, complaints received about Ramirez from two clients, and concerns about Ramirez's truthfulness given his televised interview describing severe current effects from old injuries that were inconsistent with his ability to do manual labor on a daily basis.

Nor has Ramirez met his summary judgment burden of raising a fact dispute as to whether Power Plus's reasons for the decision not to offer him work were a pretext for disability discrimination, or whether discrimination was one of the motives. First, Ramirez stated that he delivered a "certificate" of his health status to a Power Plus employee, but he does not state that this "certificate" was a medical release to work from a treating physician. His "Adult Progress Note," purportedly procured as a "physical for work," shows that his exam was normal, but lacks an indication that a treating physician released him to work. Nor does it appear to address the lingering injuries Ramirez reported in his 2010 television interview. Second, Ramirez stated that he never received a complaint about his work, but did not dispute Power Plus's evidence that it received complaints from two clients about Ramirez's work.

"The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive." *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995); *see also Bryant v. Compass Grp. USA, Inc.*, 413 F.3d 471, 476–77 (5th Cir. 2005) (disregarding the plaintiff's claim of innocence because no evidence called into doubt the employer's good-faith suspicion that the employee stole from the employer). There is no evidence in the record suggesting that Power Plus acted without a reasonable basis to believe that there were questions about Ramirez's truthfulness given: (1) his televised statements, made to get victim benefits from the government, that he had severe effects from injuries received in an assault, after

he had been working for Power Plus as a manual laborer for a year; and (2) the subsequent failure to provide a medical release from a treating physician.  There is no evidence in the record suggesting that Power Plus acted without a reasonable basis to believe that Ramirez was not reliable, given complaints by two clients about his work and requests not to assign him to their work sites in the future.  Nor is there evidence in the record suggesting that Power Plus faced similar issues with employees who did not have similar impairments and acted differently.  *See Okoye v. Univ. of Texas Hous. Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001) (explaining that in disparate-treatment cases involving employee misconduct and discipline, a "plaintiff must show that the employer gave preferential treatment to another employee under nearly identical circumstances; that is, that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees." (alterations omitted) (quotation omitted)); *see also Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 210 (5th Cir. 2004)).

In sum, Ramirez presents no evidence to support an inference that he was discriminated against on the basis of a disability when Power Plus stopped placing him in manual labor positions.  Summary judgment is granted dismissing Ramirez's claim.  Final judgment is entered by separate order.  Each side will bear its own costs.

SIGNED on August 2, 2013, at Houston, Texas.

                                        Lee H. Rosenthal
                                        United States District Judge